UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BRYANT,<br>       Plaintiff,<br>v.<br>CITY OF BERKELEY, et al.,<br>       Defendants. | Case No. 21-cv-08169-AGT<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 56 |

    This order resolves the parties' pending discovery dispute for discovery in the form of personnel records and Internal Affairs (IA) complaints for the involved officers. *See* Dkt. 56. Defendants contend that the requested written discovery is privileged. The Court grants plaintiff's motion to compel production of written discovery from the City of Berkeley.

    Plaintiff alleges state and federal claims, including a federal civil rights claim under 42 U.S.C. § 1983 and the Fourth Amendment. Under the Federal Rules of Evidence, "[t]he common law--as interpreted by United States courts in the light of reason and experience--governs a claim of privilege," and "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Federal law governs "[t]he scope of an evidentiary privilege" in a federal civil rights action. *Breed v. U.S. Dist. Ct. for N. Dist. of California*, 542 F.2d 1114, 1115 (9th Cir. 1976) (citing *Kerr v. U.S. Dist. Ct. for N. Dist. of California*, 511 F.2d 192, 197 (9th Cir. 1975)).

    The Ninth Circuit has held that personnel files "are discoverable in federal question cases, including Title VII actions, despite claims of privilege." *Garrett v. City & Cnty. of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987). The qualified privilege for official information is one such privilege that may be asserted in connection with personnel files. *See Sanchez v. City of Santa*

*Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990). In order to assert the qualified federal official information privilege in federal court, "defendants must file a declaration or affidavit" addressing the potential harms of disclosure. *Randolph v. City of E. Palo Alto*, 2007 WL 4170093, at *1–2 (N.D. Cal. Nov. 20, 2007) (citing *Kelly v. City of San Jose*, 114 F.R.D. 653, 670 (N.D. Cal. 1987)). Here, defendants submitted no such evidence of harm by sworn statement. Moreover, the Court finds that the protective order (Dkt. 33) currently in place is sufficient to address the risk of harm to privacy interests. The Court also finds the requested discovery is relevant to plaintiff's claims.

Plaintiff's motion to compel document production is therefore granted. By February 6, 2024, pursuant to any and all applicable protections afforded by the stipulated protective order that governs, defendant City of Berkeley shall produce the following:

(i) for defendant officers, personnel files related to training, assignments, fitness for duty, and/or experience;

(ii) for defendant officers, records related to sustained IA complaints for the period of five years before the incident—from January 1, 2015, to January 21, 2021—related to issues of use of force, honesty, and/or veracity; and

(iii) for percipient officers, records related to sustained IA complaints for the period of five years before the incident—from January 1, 2015, to January 21, 2021—related to issues of honesty and/or veracity.[1]

**IT IS SO ORDERED.**

Dated: January 19, 2024

_____
Alex G. Tse
United States Magistrate Judge

---

[1] In their respective proposed rulings, plaintiff requests "ALL IA complaints/investigations" and defendants propose "sustained IA complaints." Dkt. 56 at 5. At this point, plaintiff does not persuade the Court to expand the production to all IA complaints, rather than limiting production to sustained IA complaints.