UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BRYANT, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>CITY OF BERKELEY, et al.,<br><br>            Defendants. | Case No.  21-cv-08169-AGT<br><br>**ORDER RE: DEFENDANTS' BILL OF COSTS**<br><br>Re: Dkt. Nos. 113, 114 |

The Court granted summary judgment for the defendants City of Berkeley, and Officers Madison Albrandt, Samantha Speelman and Kevin Kleppe (collectively, Defendants) on plaintiff Vincent Bryant's federal claims and declined jurisdiction over Bryant's state law claims. Dkt. 111. Judgment for Defendants followed. Dkt. 112. As the prevailing party, Defendants timely filed a bill of costs, dkt. 113,[1] to which Bryant timely objected. Dkt. 114. Having reviewed the parties' briefing, the Court now exercises its discretion and declines to award costs.

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Rule 54(d) therefore creates a "presumption for awarding costs to the prevailing party." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016)

---

[1] Defendants originally sought reimbursement for service of process, deposition, and expert fees. Dkt. 113. After objections, dkt. 114, they revised their request for expert fees. Dkt. 115.

(cleaned up). However, a district court has "discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014).

Bryant sued a municipality and its police officers after being shot in the face during an interaction with those officers, alleging violations of his constitutional and statutory rights. *See* dkt. 43 (amended complaint). Courts in this District have repeatedly found that such excessive force cases implicate issues of substantial public importance. *See, e.g.*, *Garcia v. Cnty. of Napa*, No. 21-CV-03519, 2023 WL 3134192, at *3 (N.D. Cal. Apr. 26, 2023) (denying costs where "the fatal shooting of [decedent] by a police officer during a traffic stop undoubtedly raises issues of substantial public importance"); *Lopez v. Nguyen*, No. 13-CV-3870, 2017 WL 512773, at *2 (N.D. Cal. Feb. 8, 2017) (declining costs, finding that a "claim of use of excessive force by a law enforcement officer in the context of [plaintiff's] arrest is an issue of substantial public importance"). This factor weighs in favor of denying costs.

Imposing costs on a civil rights plaintiff such as Bryant may have a chilling effect on civil rights litigation. *See Washburn v. Fagan*, No. 03-CV-00869, 2008 WL 361048, at *2 (N.D. Cal. Feb. 11, 2008) ("[I]mposing the cost bill on Plaintiff would lead to a harsh result that could chill individual litigants of modest means seeking to vindicate important rights under the civil rights laws."); *see also Stanley v. Univ. of S. California*, 178 F.3d 1069, 1080

(9th Cir. 1999) ("Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since [*Brown v. Board of Education*].") (cleaned up). The chilling effect is particularly concerning where the case raises issues of public importance, as Bryant's does. *See Hunter v. City & Cnty. of San Francisco*, No. 11-CV-4911, 2013 WL 6088409, at *4 (N.D. Cal. Nov. 19, 2013) (finding a chilling effect on future civil rights litigation where the plaintiff's "claim of excessive force was significant").

Awarding costs here could well discourage other litigants with modest means from pursuing civil rights claims. Bryant represents that he was unhoused at the time of the incident and, since filing this case, has fallen into a vegetative state from which he is not expected to recover. *See* dkt. 114.[2] Defendants characterize the costs in this case as "modest," dkt. 115 at 2, but this belies the fact that Bryant cannot and likely will never be able to work again. Defendants additionally argue that Bryant's decision to continue litigating in state court demonstrates that an award of costs will not chill future litigation, *id.* at 3, but that argument is at most speculative. The decision to bring a state court action was made before the issue of costs in the federal action had been adjudicated. Therefore, this factor weighs in favor of denying costs. *See Escriba*, 943 F.3d at 1247–49 (denying costs of $13,958.16 when the plaintiff's annual income was $11,622, finding that (in the context of the plaintiff's financial status) the amount would present a "serious danger" of chilling future civil rights actions).

---

[2] Bryant has not submitted any declaration regarding his financial status with his objections. Defendants argue that Bryant has not submitted competent evidence regarding his inability to pay. Dkt. 115 at 3. However, it is undisputed that he is, and has been since March 2023, in a vegetative state. *See, e.g.*, dkt. 73-1 (declaration of Antonia Bryant in support of motion to appoint guardian ad litem) & 101 at 15 n.4 (Defendants' amended motion for summary judgment).

"A court abuses its discretion when it awards costs against a losing plaintiff without considering the plaintiff's limited financial resources." *Darensburg v. Metro. Transp. Comm'n*, No. 05-cv-01597, 2009 WL 2392094, at *3 (N.D. Cal. Aug. 4, 2009). Here, as noted, Bryant is in a vegetative state from which he is not expected to recover. He was unhoused at the time of the incident. His financial resources and ability to earn any income are accordingly limited. This factor weighs heavily in favor of denying costs.

Bryant sued defendant City of Berkeley, a public entity with vastly greater resources. *See Hunter*, 2013 WL 6088409, at *3 ("[T]here exists a significant economic disparity between Plaintiff and the City and County of San Francisco."); *Godoy v. Cnty. of Sonoma,* No. 15-CV-00883, 2016 WL 6663003, at *2 (N.D. Cal. Nov. 10, 2016) (finding that the County of Sonoma and its police officers, as "public entities and employees, have significantly more resources" than the indigent plaintiffs). The economic disparity between the parties also weighs heavily in favor of denying costs.

Finally, the federal claims in this case were decided at the summary judgment stage. *See* dkt. 111. Judgment for Defendants at the summary judgment stage, however, does not mean the issues presented were not close or difficult. *See Jefferson v. City of Fremont*, No. 12-cv-0926, 2015 WL 1264703, at *3 (N.D. Cal. Mar. 19, 2015) (finding for the plaintiffs on this factor after they lost on summary judgment, reasoning that the issues "involved consideration of complex questions of law and fact" and the plaintiff's claims "had support and were not frivolous"). This case was rigorously litigated, required resolution of certain discovery issues, and the outcome of the case was not obvious. *See Darensburg*, 2009 WL 2392094, at *4 (finding that the issues presented in a civil rights issue were close and difficult because "[r]esolution of [the] issues was not obvious" and the case was "vigorously

litigated"). As such, this factor weighs in favor of denying costs.

The Court therefore exercises its discretion and declines to award costs in this case.

**IT IS SO ORDERED.**

Dated: January 6, 2026

Alex G. Tse
United States Magistrate Judge